## Savidge, to use, v. Schlegel et al.

*John Skweir* and *Cletus Kilker*, for plaintiff.

*Luther E. Bashore*, for defendants.

PAUL, J., January 24, 1938.—In the above case defendants filed a motion and rule to strike off plaintiff's statement. In the motion five reasons are given, but defendants have pressed only one reason in their brief. The one

question now before the court is, whether plaintiff's statement should be stricken off, because it was signed by the use-plaintiff instead of by the legal plaintiff. Defendants have cited only one case in their brief: Vamos, to use, v. Tabachnick, 1 D. & C. 629. The facts as set forth by the court are as follows:

"The present suit is brought to the use of Harrington Adams, who is the use-plaintiff. He swears that he is the plaintiff in the foregoing cause of action, and that the facts set forth in the foregoing statement of claim are true and correct to the best of his knowledge, information and belief."

If that is the correct averment of the affidavit, the statement of claim should have been stricken from the record even if the affidavit were taken by the legal plaintiff.

The question in this case is controlled by the Practice Act of May 14, 1915, P. L. 483, sec. 9, as follows:

"The statement of claim shall be as brief as the nature of the case will admit. In actions on contracts it shall state whether the contract was oral or in writing. It shall be sworn to by the plaintiff or some person having knowledge of the facts, and, if there be an attorney, shall be signed by his attorney."

There is no doubt in a proper case that plaintiff's statement need not be verified by plaintiff. The statement may be sworn to by some one other than the plaintiff having knowledge of the facts. If he alleges that he has such knowledge, the affidavit is sufficient without giving the source of his knowledge: Minnick v. Denny, 1 D. & C. 120.

The affidavit in this case is sworn to by the use-plaintiff, who swears that he has knowledge of the facts.

"The use-plaintiff, being the substantial party in interest, is to be treated as the real plaintiff. . . . [He may] make affidavit to the statement of claim": Moore, to use, v. Laughlin, 23 Dist. R. 73.

The above case was decided by the Court of Common Pleas of Philadelphia County in 1913, which was prior to

the Practice Act of 1915, supra. It was decided on a rule of court which bears the same language as the Practice Act.

The Practice Act requires that the statement of claim shall be sworn to by plaintiff, or some person having knowledge of the facts. This statement of claim was not sworn to by plaintiff, but it was sworn to by some person having knowledge of the facts. The Practice Act does not require that that "some person having knowledge of the facts" shall disclose his source of knowledge, nor does it define or limit who that person may be. It merely states "some person having knowledge of the facts." The averment of knowledge is set forth in this affidavit. Everything required by the Practice Act has been complied with.

And now, January 24, 1938, the motion and rule to strike off plaintiff's statement of claim is dismissed and defendant is given 15 days from this date to file an affidavit of defense.